UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA et al., *ex rel.* MOHSEN REIHANIFAM | *<br>*<br>* |
| Plaintiffs-Relators, | *<br>* Civil Action No. 13-cv-11486-IT |
| v. | *<br>* |
| FRESENIUS USA, INC. and FRESENIUS MEDICAL CARE HOLDINGS, INC. *doing business as* FRESENIUS MEDICAL CARE NORTH AMERICA | *<br>*<br>*<br>*<br>* |
| Defendants. | * |

ORDER

January 29, 2015

TALWANI, D.J.

Relator Mohsen Reihanifam ("Reihanifam") filed this qui tam action against Defendants on June 20, 2013. See Compl. [#2]. On September 17, 2014, the United States filed notice that it declined to intervene in this case. See Government's Notice Election Decline Intervention [#17]. The next day, the court ordered that the case be unsealed and the complaint served on Defendants. See Order [#18]. On September 24, 2015, this order was entered on the docket, summons was issued electronically as to all Defendants, and Reihanifam's counsel was directed to serve the summons in accordance with Federal Rule of Civil Procedure 4 and Local Rule 4.1. See Docket # 19.

On January 14, 2015, Reihanifam filed a motion to extend the time to serve the complaint on Defendants from January 16, 2015, to April 16, 2015. See Mot. Extend Time Serve Compl. & Summons Upon Defs. [#23]. As grounds for this three-month extension, Reihanifam stated that his counsel would "forthwith be filing leave of court to withdraw" and that additional time

was necessary to find replacement counsel.  See Mem. Law Supp. Mot. Extend Time Serve Compl. & Summons Upon Defs. [#24] [hereinafter Relator's Mem.].  On January 15, 2015, the court granted this motion in part and denied it in part, directing Reihanifam that "service shall be completed by January 30, 2015."  See Electronic Order [#28].

Now before the court is Reihanifam's counsel's Unopposed Motion for Leave to Withdraw as Relator's Counsel [#32].  This motion seeks leave to withdraw as well as a sixty-day extension of Reihanifam's deadline to serve the complaint.

As recognized in the moving papers, courts that have considered the issue have determined that a relator is without a personal interest in a qui tam action under the False Claims Act (the real party-in-interest being the United States) and, consequently, may not proceed pro se in any such action.  See United States ex. rel. Mergent Servs. v. Flaherty, 540 F.3d 89, 93 (2d Cir. 2008); Timson v. Sampson, 518 F.3d 870, 873-74 (11th Cir. 2008); Stoner v. Santa Clara Cnty. Office of Educ., 502 F.3d 1116, 1126-28 (9th Cir. 2007); United States ex rel. Lu v. Ou, 368 F.3d 775-76 (7th Cir. 2004); United States ex. rel. Nasuti v. Savage Farms, Inc., No. 12-30121-GAO, 2014 WL 1327015, at *7 (D. Mass. Mar. 27, 2014) (order adopting Report & Recommendation); United States ex rel. Barlow v. Bristol-Meyers Squibb Co., No. 04-11540, 2010 WL 3824108, at *1 (D. Mass. Sept. 27, 2010).  The relief sought by Reihanifam's counsel would result in exactly this circumstance, effectively allowing Reihanifam to continue litigating this case on a pro se basis while he looks for counsel.

The moving papers do not demonstrate that Reihanifam has proceeded diligently in seeking successor counsel or that it is likely that Reihanifam will obtain successor counsel in the additional time requested.  Nonetheless, in light of counsel's representation that Reihanifam intends to "resume his conversations with potential replacement counsel with knowledge and

2

experience litigat[ing] *qui tam* cases" on January 29, 2015, see Unopposed Mot. Leave Withdraw Realtor's Counsel at 4, and in the interest of resolving the matter on its merits, the court orders as follows:

1. Counsel's Unopposed Motion for Leave to Withdraw as Relator's Counsel [#32] is GRANTED IN PART and DENIED IN PART. The time to serve Defendants is extended until Friday, March 13, 2015. The court anticipates granting no further extensions. The Motion is otherwise denied without prejudice.

2. No later than Friday, February 27, 2015,

    a. successor counsel for Reihanifam, if any, shall file a notice of appearance in this matter. In the event that such a notice of appearance by successor counsel is timely filed, Reihanifam's current counsel may file a notice of withdrawal of their appearance in accordance with Local Rule 83.5.2(c)(1).

    b. if no such notice of appearance is filed, Reihanifam's current counsel may renew their motion to withdraw and Reihanifam shall either file a dismissal of the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A) or shall show cause as to why the court should not dismiss the action for failure to obtain successor counsel.

IT IS SO ORDERED.

January 29, 2015 /s/ Indira Talwani
United States District Judge