UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA et al., *<br>*ex rel.* MOHSEN REIHANIFAM * <br> * <br> Plaintiffs-Relators, * <br> * <br> v. * <br> * <br> FRESENIUS USA, INC. and FRESENIUS * <br> MEDICAL CARE HOLDINGS, INC. * <br> *doing business as* FRESENIUS MEDICAL * <br> CARE NORTH AMERICA * <br> * <br> Defendants. * | Civil Action No. 13-cv-11486-IT |

ORDER

March 12, 2015

TALWANI, D.J.

I.  Introduction

This recently unsealed qui tam case has not yet been served but already presents a quandary. Relator seeks to proceed with this action, while his counsel seek to withdraw. Relator and counsel jointly suggest delay in the service of the complaint while the Relator seeks new counsel. This amounts to a request for a stay of the action without Defendants having any opportunity to respond to the request. The court rejects Relator and counsel's proposed course of action and orders instead that if Relator intends to proceed with this action, he must serve Defendants promptly, and no later than March 31, 2015. The implicit request for a stay of the action may be addressed by motion after Defendants have been served. The motion to withdraw is taken under advisement.

II.     Discussion

Relator Mohsen Reihanifam ("Reihanifam") filed this qui tam action against Defendants on June 20, 2013, See Compl. [#2], but in accordance with 31 U.S.C. § 3730(a), he did not initially serve the complaint. On September 17, 2014, the United States filed notice that it declined to intervene in this case. See Government's Notice Election Decline Intervention [#17]. The case was subsequently unsealed and, on September 24, 2015, summons was issued electronically as to all Defendants and Reihanifam's counsel was directed to serve the summons in accordance with Federal Rule of Civil Procedure 4 and Local Rule 4.1. See Order [#18]; Docket [#19].

Reihanifam's counsel did not serve the summons. Instead, on January 14, 2015, Reihanifam filed a motion to extend the time to serve the complaint until April 16, 2015. See Mot. Extend Time Serve Compl. & Summons Upon Defs. [#23]. As grounds for this three-month extension, Reihanifam stated that his counsel would "forthwith be filing leave of court to withdraw" and that additional time was necessary to find replacement counsel. See Mem. Law Supp. Mot. Extend Time Serve Compl. & Summons Upon Defs. [#24]. Plaintiff explained further that courts to have considered the issue have concluded that a relator cannot proceed pro se in a qui tam action.

On January 15, 2015, the court allowed Reihanifam's motion in part and denied it in part, directing that "service shall be completed by January 30, 2015." See Electronic Order [#28]. Again, the complaint was not served. Instead, on January 20, 2015, Reihanifam's counsel filed a motion seeking to withdraw as counsel and requesting a sixty-day extension of Reihanifam's deadline to serve the complaint—until March 31, 2015. See Unopposed Mot. Leave Withdraw Relator's Counsel [#32].

On January 29, 2015, the court denied the motion to withdraw without prejudice; set a deadline of February 27, 2015 for replacement counsel to enter an appearance; and extended the deadline to serve the complaint until March 13, 2015. See Order, 3 [#35]. The court further ordered that, if replacement counsel was not identified by February 27, 2015, counsel could renew their motion to withdraw and Reihanifam should either file a notice of dismissal or a memorandum showing cause why the case should not be dismissed. See id.

Again, counsel did not serve the complaint. Instead, counsel filed Reihanifam's Memorandum in Response to this Court's January 20, 2015 Order [#36], which the court treats as a motion. In this memorandum, Counsel renews his motion to withdraw. Reihanifam does not file a notice or dismissal, but rather requests an extension for service until April 30, 2015 (two weeks beyond the original April 15, 2015 extension that was rejected by the court). Reihanifam explains for the first time that his complaint includes an individual claim for retaliation under the False Claims Act, 31 U.S.C. § 3730(h).

Defendants have an interest in the prompt disposition of the claims against them. Continued extension of the deadline to serve the complaint runs contrary to this interest. Moreover, counsel have provided no reason as to why the complaint on Reihanifam's retaliation claim may not proceed, with or without counsel. Whether the qui tam causes of action can be pursued by Reihanifam pro se, or must be dismissed unless he retains replacement counsel, are questions that can be addressed by Reihanifam, Defendants, and the United States after service.

Accordingly, the court will grant an extension of time to serve only until March 31, 2015. The court does not foresee granting any further extensions.

Counsel's motion to withdraw remains under advisement. While that motion remains pending, the court expects that counsel-of-record will fully comply with their obligations to complete timely service of the complaint.

IT IS SO ORDERED.

March 12, 2015                                              /s/ Indira Talwani
                                                              United States District Judge