UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA et al., | * |
| *ex rel.* MOHSEN REIHANIFAM | * |
| | * |
| Plaintiffs-Relators, | * |
| | *   Civil Action No. 13-cv-11486-IT |
| v. | * |
| | * |
| FRESENIUS USA, INC. and FRESENIUS | * |
| MEDICAL CARE HOLDINGS, INC. | * |
| *doing business as* FRESENIUS MEDICAL | * |
| CARE NORTH AMERICA | * |
| | * |
| Defendants. | * |

ORDER REGARDING QUI TAM CLAIMS

April 29, 2015

TALWANI, D.J.

In September 2014, the United States and the Commonwealth of Massachusetts, acting on its own behalf and for the other plaintiff States, declined to intervene in this action brought under the False Claims Act, 31 U.S.C. §§ 3729-30. On January 14, 2015, Relator Mohsen Reihanifam's counsel ("Relator's counsel") notified the court that they would be filing, with Reihanifam's consent, a motion for leave to withdraw as counsel. See Mem. Law Supp. Relator's First Mot. Pursuant F.R.C.P. 60(b)(1)(A) or Alternative F.R.C.P. 4(M) Extend Time Serve Compl. & Summons Defs. [#24] [hereinafter Relator's Mem.]. The court denied Relator's counsel's first such motion without prejudice. See Order [#35]. Pending before the court is Relator's counsel's renewed request for leave to withdraw. See Mem. Resp. Court's Jan. 20, 2015 Order [#36].

Although more than three months have passed since Relator's counsel notified the court that they sought to withdraw, no new counsel have filed a notice of appearance on behalf of

Reihanifam. Reihanifam has asserted that:

> courts have appropriately interpreted the [False Claims Act] to provide . . . that a relator *cannot* proceed *pro se* in a *qui tam* action. See, e.g., Timson v. Sampson, 518 F.3d 870, 873-74 (11th Cir. 2008) (per curiam); Stoner v. Santa Clara Cnty. Office of Educ., 502 F.3d 1116, 1126-28 (9th Cir. 2007) (noting the concern that the United States might become bound by res judicata or collateral estoppel as a result of the actions of a pro se [litigant] in bringing and losing a qui tam action); United States ex rel. Lu v. Ou, 368 F.3d 773, 775-76 (7th Cir. 2004); United States v. Onan, 190 F.2d 1, 6-7 (8th Cir. 1951); see also Safir v. Blackwell, 579 F.2d 742, 745 n.4 (2d Cir. 1978).

Relator's Mem. at 3. Accordingly, in the absence of the appearance of substitute counsel, the court treats the assented-to request by counsel to withdraw as a request by Reihanifam for both withdrawal of counsel and voluntary dismissal without prejudice of his *qui tam* claims brought on behalf of the United States and the plaintiff States.

In accordance with 31 U.S.C. § 3730(b)(1) and the court's prior orders, see Order [#18], Order Joint Notice Commonwealth of Massachusetts & Other Plaintiffs' Election Decline Intervention [#22], the court hereby solicits the written consent of the United States and the Plaintiff States to the voluntary dismissal of the *qui tam* claims. The United States and the Plaintiff States shall report to the court by no later than May 13, 2015 as to whether they consent to the proposed dismissal.

  IT IS SO ORDERED.

April 29, 2015                    /s/ Indira Talwani
                                    United States District Judge