UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA et al., <br> *ex rel.* MOHSEN REIHANIFAM <br><br> Plaintiffs-Relators, <br><br> v. <br><br> FRESENIUS USA, INC. and FRESENIUS <br> MEDICAL CARE HOLDINGS, INC. <br> *doing business as* FRESENIUS MEDICAL <br> CARE NORTH AMERICA <br><br> Defendants. | Civil Action No. 13-cv-11486-IT |

ORDER

May 14, 2015

TALWANI, D.J.

On April 29, 2015, the court issued an Order Regarding Qui Tam Claims [#47]. This order notified the parties of the court's intent to treat Relator's counsel's pending motion to withdraw as a notice of voluntary dismissal of Relator's *qui tam* claims. The court construed the motion in this manner because, in their moving papers, counsel stated that: (1) Relator consented to counsel's withdrawal and (2) Relator understood that *qui tam* claims filed on behalf of the United States and Plaintiff States can not proceed pro se. The court noted further that more than three months had passed since counsel notified court of Relator's assent to their motion to withdraw without the appearance of substitute counsel.

The court's order solicited the United States' and the Plaintiff States' agreement to the voluntary dismissal of the *qui tam* claims. On May 12, 2015, the United States and the Plaintiff States filed notices of their consent. See Notice Consent Dismissal Without Prejudice [#49]; Notice Commonwealth of Mass. & Other Pl. States Consent Voluntary Dismissal [#50].

Accordingly, the court hereby orders that Relator's *qui tam* claims are DISMISSED without prejudice. This order does not dismiss Relator's wrongful termination claims filed pursuant to 31 U.S.C. § 3730(h), as those claims were not brought on behalf of the United States and the Plaintiff States. It is further ordered that Relator's counsel's motion to withdraw[1] is ALLOWED contingent upon serving a copy of this order on Relator and filing with the court a certificate of service, including Relator's mailing address, for service of this order on Relator.

On May 13, 2015, Relator filed a <u>Motion for Reinstatement or Alternatively to Modify the Dismissal</u> [#51]. The filing of this motion was premature, as the court had not yet dismissed the *qui tam* claims or allowed counsel's then-pending motion to withdraw. Nonetheless, the motion raises several points the court now addresses.

First, Relator states that reconsideration should be allowed because he "was ignorant of the fact that any consent to withdraw of prior counsel would result in the dismissal of the case." Relator's Mot. Reinstatement Alternatively Modify Dismissal [#51]. The withdrawal and absence of substitute counsel has not resulted in the dismissal of the entire case, but only of the of the *qui tam* causes of action. As to those claims, on January 20, 2015, Relator's counsel informed the court that "[a]t or around the same time they notified Relator of the decision to withdraw, Movants notified Relator of the importance of securing replacement counsel, given the prohibitions against relators proceeding *pro se* in *qui tam cases*." <u>See</u> Unopposed Mot. Leave Withdraw Relator's Counsel ¶ 13 [#32]. On March 12, 2015, the court indicated that after service of the complaint on Defendants, it would consider "whether the *qui tam* causes of action can be pursued by Reihanifam pro se, or must be dismissed unless he retains replacement

---

[1] Counsel filed a <u>Memorandum in Response to This Court's January 20, 2015 Order</u> [#36], in which it sought to withdraw. The court previously treated this memorandum as a motion. <u>See</u> Order, 3 [#38].

2

counsel." See Order, 3 [# 38].  Presumably, counsel have fulfilled their obligation to Relator by ensuring that he understood the import of his consent to their withdrawal and was provided copies of the court's orders.  Accordingly, the court denies the request fo reconsideration on the ground that Relator did not understand such dismissal could occur if he did not retain replacement counsel.

Second, Relator seeks a further order that his claims may be reinstated by written notice to the court if the United States or the Plaintiff States enter into a settlement agreement with the Defendants on matters relevant to the *qui tam* claims.  The court notes that dismissal of Relator's *qui tam* claims is without prejudice.  At this time, the court declines to rule on what effect such a hypothetical settlement agreement would have on reinstatement of Relator's *qui tam* claims.  Should a settlement agreement be entered into, Relator may file a motion for reinstatement of his claims which the court will treat on its merits.  Accordingly, Relator's Motion for Reinstatement or Alternatively to Modify the Dismissal [#51] is DENIED.

    IT IS SO ORDERED.

May 14, 2015                                                                       /s/ Indira Talwani
                                                                                         United States District Judge