UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA et al., | * | |
| *ex rel.* MOHSEN REIHANIFAM, | * | |
| | * | |
| | * | |
| Plaintiffs-Relator, | * | |
| | * | |
| v. | * | Civil Action No. 13-cv-11486-IT |
| | * | |
| FRESENIUS USA, INC. and FRESENIUS | * | |
| MEDICAL CARE HOLDINGS, INC. | * | |
| d/b/a FRESENIUS MEDICAL CARE | * | |
| NORTH AMERICA | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

March 28, 2016

TALWANI, D.J.

I.   Introduction

Before the court is Defendants' Motion to Dismiss [#57]. Defendants assert that Plaintiff Mohsen Reihanifam's claim for retaliation under the False Claims Act, 31 U.S.C. § 3730(h), is barred by res judicata due to an adverse judgment in the Central District of California. For the reasons set forth below, Defendants' motion to dismiss is ALLOWED.

II.  Allegations and Procedural History

Plaintiff Mohsen Reihanifam ("Reihanifam") was employed for 24 years by Defendant Fresenius Medical Care North America, a major care provider of kidney dialysis services and renal care products. On August 6, 2012, after his employment was terminated, Reihanifam filed suit against Fresenius Medical Care North America and two of its officers (collectively, "Fresenius") in California Superior Court (the "First Action"), alleging racial discrimination,

retaliation for complaints of discrimination, wrongful termination in violation of public policy, and other causes of action under California law.  Complaint ¶¶ 46-100, <u>Reihanifam v. Fresenius Med. Care N. Am.</u>, No. 30-2012-00588720-CU-WT-CJC (Cal. Super. Ct. Aug. 6, 2012).  On September 19, 2012, Fresenius removed the First Action to the United States District Court for the Central District of California.  Defs.' Ex. A (Cal. Docket [#1]).   Trial of the First Action commenced on January 14, 2015, and on January 20, 2015, judgment was entered, with the jury deciding for Fresenius on all counts.  Reihanifam has timely appealed the judgment to the United States Court of Appeals for the Ninth Circuit.  That appeal is pending.

Meanwhile, on June 20, 2013, Reihanifam filed his <u>Complaint</u> [#2] in the instant action (the "Second Action").  Reihanifam brought qui tam claims on behalf of the United States for violations of the federal False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.* ("FCA qui tam claims").  He also alleged a violation of the anti-retaliation provision of the FCA, 31 U.S.C. § 3730(h) ("FCA retaliation claim"), challenging his termination from Fresenius on grounds that it was "in retaliation for, *inter alia*, reporting to his superior the quality of care issues" and safety issues posed by Fresenius' medical products.  Compl. ¶¶ 78, 98, 104.  In September 2014, the United States declined to intervene, the case was unsealed, and summons issued.  Reihanifam's counsel filed an assented-to motion to withdraw, and after Reihanifam was unable to find successor counsel, the court allowed the motion and dismissed the *FCA* qui tam claims.  Reihanifam proceeded with this action pro se.

Fresenius responded to the complaint here by filing a motion to dismiss the sole remaining count, Count XXXV (the FCA retaliation count), asserting that res judicata precludes Reihanifam's retaliation claim under the FCA, 31 U.S.C.§ 3730(h).

III.   Discussion

    *A.*   *Standard of Review*

This court may consider the affirmative defense of res judicata on a Rule 12(b)(6) motion to dismiss.  See In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 16-17 (1st Cir. 2003).  In deciding a Rule 12(b)(6) motion to dismiss, a court is ordinarily limited to considering "only the complaint, documents attached to it, and documents expressly incorporated into it."  Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71-72 (1st Cir. 2014).  However the court can consider matters of public record, Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013), including the record of the purportedly preclusive action where a "motion to dismiss is premised on a defense of res judicata."  Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008).

    *B.*   *Application of Res Judicata*

Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action."  Apparel Art Int'l, Inc. v. Amertex Enters. Ltd., 48 F.3d 576, 583 (1st Cir. 1995) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)); see also In re Sonus Networks, Inc., S'holder Derivative Litig., 499 F.3d 47, 56 (1st Cir. 2007) ("Claim preclusion is based on the idea that the precluded litigant had the opportunity and incentive to fully litigate the claim in an earlier action, so that all matters that were or could have been adjudicated in the earlier action on the claim are considered to have been finally settled by the first judgment.").

Where "both the potentially precluding suit and the potentially precluded suit were litigated in federal courts, federal law governs the res judicata effect of the prior judgment." Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 37 (1st Cir. 1998).  Under

federal law, "a final judgment on the merits of an action precludes the parties from relitigating claims that were raised or could have been raised in that action." Porn v. Nat'l Grange Mut. Ins. Co., 93 F.3d 31, 34 (1st Cir. 1996) (citing Allen, 449 U.S. at 94). A res judicata defense precludes litigation of a party's claims when the following elements have been established: (1) a final judgment on the merits in an earlier proceeding, (2) sufficient identity between the causes of action asserted in the earlier and later suits, and (3) sufficient identity between the parties in the two actions. Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1165 (1st Cir. 1991), cert. denied, 502 U.S. 816 (1991).

    Here, all three elements are satisfied. First, the district court in the First Action entered a final judgment on the merits once the jury returned a verdict for Fresenius. The pendency of Reihanifam's appeal to the Ninth Circuit does not alter that judgment's finality, for a federal court judgment has res judicata effect immediately upon its issuance, regardless of whether an appeal has been or may be filed. See Cruz v. Melecio, 204 F.3d 14, 20-21 (1st Cir. 2000) (noting that a federal court judgment must be given res judicata effect "as soon as it is issued, notwithstanding the possibility—or even the pendency—of an appeal").

    Second, the causes of action in the First Action and the retaliation claim in the Second Action are sufficiently identical. Causes of action are sufficiently identical when they "derive . . . from the same transaction or series of connected transactions." McDonough v. City of Quincy, 452 F.3d 8, 16 (1st Cir. 2006) (internal quotation marks omitted); see also Mass. Sch. of Law at Andover, 142 F.3d at 38 ("[The transactional approach] boils down to whether the causes of action arise out of a common nucleus of operative facts."). "Although a set of facts may give rise to multiple counts based on different legal theories, if those facts form a common nucleus that is identifiable as a transaction . . ., then those facts represent one cause of action." Herman

4

v. Meiselman, 541 F.3d 59, 62 (1st Cir. 2008) (quoting Apparel Art Int'l, 48 F.3d at 583-84). The court utilizes a pragmatic approach to determine whether a "transaction" exists, and considers "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." Porn, 93 F.3d at 34 (quoting Restatement (Second) of Judgments § 24 (1982)).

Here, the causes of action "seek redress for essentially the same basic wrong," Porn, 93 F.3d at 34, namely Reihanifam's allegedly wrongful termination. See Swaida v. Gentiva Health Servs., 238 F. Supp. 2d 325, 329 (D. Mass. 2002) (two cases were identical because both were seeking redress for an "allegedly wrongful termination"). The facts form a convenient trial unit "because the witnesses or proof needed" for the FCA retaliation claim in the Second Action—likely, documents and testimony from Reihanifam and his co-workers and supervisors about what complaints he raised, and why he was terminated—address whether Reihanifam was wrongfully terminated from his position at Fresenius and thus "overlap substantially" with those in the First Action. Herman, 541 F.3d at 63 (internal quotation marks omitted). The treatment of the facts as a unit would also conform to the parties' expectations because Reihanifam "knew all the facts necessary for bringing" the claims in this case; prior to filing this action, he knew, and even alleged in the First Action, that he had complained about Fresenius's products and that he was later terminated. In re Iannochino, 242 F.3d 36, 49 (1st Cir. 2001) (internal quotations marks omitted). That Reihanifam presented a different legal theory in this action and brought his claim under federal law instead of state law are not relevant as to whether the causes of action between the two cases are identical. See Herman, 541 F.3d at 62; Martins v. Cook, No. 14-11958-FDS, 2015 WL 224670, at *3 (D. Mass. Jan. 15, 2015) (res judicata precluded "relying on

federal law" in light of prior state-law action where "both actions allege[d] . . . wrongful termination").

Third, the parties to the First Action and the retaliation claim in the Second Action are identical. Reihanifam and Fresenius were both parties to the First Action. Reihanifam's FCA retaliation claim is "a private cause of action for an individual retaliated against by his employer for assisting an FCA investigation or proceeding." Graham Cty. Soil & Water Conservation Dist. v. United States ex rel. Wilson, 545 U.S. 409, 412 (2005). Accordingly, Reihanifam and Fresenius were also both parties as to the remaining cause of action in the Second Action.

In contrast to what occurred here, a qui tam action and an FCA retaliation action are likely not substantially similar for res judicata purposes. Proving that a false claim violation is not an element of a FCA retaliation cause of action, Graham Cty. Soil, 545 U.S. at 416 n.1; see also United States ex rel. Karvelas v. Melrose-Wakefield Hospital, 360 F.3d 220, 236 (1st Cir. 2004) (protected conduct is "conduct that reasonably could lead to a viable FCA action") abrogated on other grounds by United States ex rel. Gagne v. City of Worcester, 565 F.3d 40 (1st Cir. 2009), and it seems unlikely that there would be a sufficient identity between the causes of action asserted in the retaliation and qui tam suits to bar suit. The witnesses and documents needed to prove that a defendant presented a false claim for payment to the Government differs substantially from those needed to prove that the defendant retaliated against an employee for investigating or bringing such a claim. Moreover, the United States is "a real party in interest" in the qui tam claim but not in an FCA retaliation claim. United States ex rel. Lusby v. Rolls-Royce Corp., 570 F.3d 849, 852-53 (7th Cir. 2009) (holding that "a private employment suit under § 3730(h) does not preclude a suit under § 3730(a) or (b)").[1]

---

[1] One court has nonetheless applied res judicata to bar a subsequent FCA retaliation claim on the

Accordingly, Count XXXV is barred, as a matter of law, by res judicata.

C. *Qui Tam Sealing Provisions*

The court has considered whether the statutory mandate that a qui tam complaint be filed under seal, and the practice of the United States to request that the complaint remain under seal for additional periods of time, should have any effect on the court's analysis of res judicata. See 31 U.S.C. § 3730(b)(2) (a complaint for violation of 31 U.S.C. § 3129 "shall be filed in camera, [and] shall remain under seal for at least 60 days"); id. § 3730(b)(3) ("[t]he Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal"). The United States has posited in response to the court's inquiry that if Reihanifam sought to "join[] his claim for retaliation under 31 U.S.C. § 3730(h) with the state law retaliation claims brought in the [First] action" "such joinder would have meant that all his wrongful termination claims would have remained under seal for a period of time pursuant to 31 U.S.C. § 3730(b)(2) & (3) while the government conducted its investigation whether to intervene." Resp. United States Order Req. Statement Position [#60] at 2. The United States noted further that although such joinder may thus create "some tension between the seal provisions of the False Claims Act and state procedural rules governing service of a complaint within a certain period after the filing of the complaint, this does not suggest some novel exception to the rule of *res judicata*."[2] Id. at 2-3.

---

ground that the "claim for retaliatory discharge under the FCA and [relator's] FCA qui tam claim arose from the same nucleus of operative fact . . . ." Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1240 (11th Cir. 1999). That decision is not binding on this court, and is of limited persuasion in light of Graham County Soil and Lusby.

[2] The "tension" referenced by the United States stems from courts allowing motions by the United States to extend the time that the complaints remain under seal while the United States decides whether to intervene resulting in qui tam complaints. See, e.g., United States ex rel. Ven-A-Care of the Florida Keys, Inc. v. Baxter Healthcare Corp., 772 F.3d 932, 934 (1st Cir. 2014) (detailing history of Baxter Healthcare's "status as a defendant" being kept from public

The sealing provisions do not support a novel exception to the rule of res judicata but for reasons different than those asserted by the Government. Indeed, if Reihanifam were required to file his FCA retaliation claim under seal, as the Government suggests, he would have a substantial argument as to why res judicata should not apply. Under the Government's view, Reihanifam would have then been barred from seeking leave to join the FCA retaliation claim with the other wrongful termination claims in the First Action while the Government was conducting its investigation of the qui tam claims in the second action. If that were so, plaintiff could plausibly argue that res judicata should not apply, as the claim could not have been timely raised in the First Action. Apparel Art Int'l, 48 F.3d at 583 (res judicata applies to claims "that were raised or could have been raised in [first] action").

Under the FCA's qui tam provision, an employee brings a claim in the name of the United States government. See 31 U.S.C. § 3730(b)(1). On such claims brought on behalf of the government, the United States has the right to receive notice about the qui tam action, to have the sealing provisions applied, and to consider whether to intervene in the action. See id. § 3730(b)(2). In contrast, under the statutory provision authorizing an FCA retaliation claim, the employee brings the claim on his or her own behalf and in his or her own name. See id. § 3730(h)(1). Thus, an FCA retaliation claim is personal while a qui tam claim is on behalf of the United States. The statute gives the government no right to receive notice of an FCA retaliation claim or to intervene on its own or on the employee's behalf as to such a claim. See id. § 3730(h)(1). The sealing provisions refer only to the qui tam complaint; there is simply no

---

view between 1995 and 2010 under the qui tam sealing provisions); In re Neurontin Mktg. & Sales Practices Litig., 712 F.3d 21, 31 (1st Cir. 2013) (noting that the qui tam suit had remained under seal for more than three years as the government considered whether to intervene, and was then unsealed, with the government participating only as an amicus curiae), cert. denied sub nom. Pfizer Inc. v. Kaiser Found. Health Plan Inc., 134 S. Ct. 786 (2013).

such sealing and staying requirement for FCA retaliation claims. See id. § 3730(h)(1). In other words, the government has *no right* to seal and stay a FCA retaliation claim, absent its inclusion with a qui tam claim.

Admittedly, if an employee only plans to bring a qui tam and an FCA retaliation claim, it is practicable and economical to bring them in a single suit. But given the statutory differences between qui tam and FCA retaliation actions, there is no reason why a retaliation claim must be brought together with the qui tam claim. Nothing in the statutory language of § 3730 compels the employee to do so, and, in light of the shorter statute of limitations for FCA civil actions for retaliation, see 31 U.S.C. § 3730(h)(3), and the res judicata issue addressed here, a plaintiff may well need to file his or her FCA retaliation claim separately from the qui tam case.

D. *Plaintiff's Request that the Court Exercise Discretion to Reach a Different Result*

Reihanifam contends that the court may in its discretion avoid application of res judicata if such application would result in a manifest injustice or unusual hardship to the plaintiff. See Mem. Supp. Relator's Resp. Defs.' Mot. Dismiss [#70] at 4 (citing Greenfield v. Mather, 194 P.2d 1, 8 (Cal. 1948)); Kale, 924 F.2d at 1168 (under federal law, which applies here, an occasional exception to claim preclusion may exist in instances of unusual hardship). Assuming that the court has the option to make such an exception, this case is not a candidate for such an equitable exception.

Reihanifam had the opportunity to litigate all of his claims relating to his termination in one proceeding. At the time that Reihanifam initiated his Second Action, he already had a lawsuit that alleged, in part, that his termination was based on retaliation for his complaints about the safety of Fresenius's products. Rather than seeking to amend that action to add his FCA retaliation claim, Reihanifam appended that claim to his qui tam action. That strategic choice

9

resulted in Reihanifam splitting his claims regarding his termination.  This type of claim splitting is exactly what the res judicata doctrine aims to deter.  See <u>Futura Dev. Corp. v. Centex Corp.</u>, 761 F.2d 33, 42 (1st Cir. 1985) (noting that res judicata "prevents claim splitting").  And now that the First Action has come to judgment, Reihanifam's FCA retaliation claim, which could have been brought in the First Action, is barred.  See <u>Hindo v. Univ. of Health Scis./The Chi. Med. Sch.</u>, 65 F.3d 608, 614-15 (7th Cir. 1995) (wrongful termination case that came to judgment barred separate subsequent FCA retaliation case).   Reihanifam had a full and fair opportunity to litigate all of his termination claims in one proceeding, but chose not to do so.  An equitable exception does not apply.  See <u>Maher v. GSI Lumonics, Inc.</u>, 433 F.3d 123, 128 (1st Cir. 2005).

The court does not discount the difficult tactical choices in bringing a suit under the FCA.  <u>See</u> Robin Page West, <u>Advising the Qui Tam Whistleblower: From Identifying a Case to Filing Under the False Claims Act</u> ix (2d ed. 2009) (The FCA statute "reads like the Delphic Oracle spoke; the cases are in a state of disharmony, and there seem to be no clear answers to anything.").  Here, however, it is not at all evident that the res judicata issues were considered at all.  According to Reihanifam's former counsel,

> Relator's parallel employment action pending in California . . . included a retaliation claim under California state law.  . . . Counsel, and Relator, expected the retaliation issue to be redressed in the California action.  Nevertheless, to protect Relator's interest given the unpredictability of litigation, relator brought a timely retaliation claim under the FCA's §3730(h) in the instant action, which Relator would have withdrawn, [had] he obtained recourse in the California action.
>
> The undersigned had no involvement in the litigation of the California action, and has had very little contact Relator's counsel in that matter. Relator rarely discussed that matter with Counsel, as our conversations are focused on the instant case. But, by mere happenstance, Relator happened to mention off-handedly that the California state retaliation claim was not addressed at the January 2015 trial, although the claim had not been dismissed prior to trial,

10

      voluntarily or involuntarily. Relator did not think to bring it up, as he did not understand the legal significance of that fact.

Mem. [#36] at 10.  It is not clear to the court why counsel included an FCA retaliation claim in a pleading under his signature, while viewing it as Reihanifam's obligation to understand the significance of parallel wrongful termination claims, or why counsel maintained expectations about what would happen in the First Action without having contact with counsel there. Reihanifam is nonetheless bound here by his counsel's actions.  Link v. Wabash R.R. Co., 370 U.S. 626, 634 (1962) (a "party is deemed bound by the acts of his lawyer-agent").

IV.    Conclusion

      For the reasons stated above, Reihanifam's cause of action for violation of 30 U.S.C. § 3730(h) is barred, as a matter of law, by res judicata.[3]  Defendants' Motion to Dismiss [#57] is ALLOWED.

      IT IS SO ORDERED.

March 28, 2016                                                           /s/ Indira Talwani
                                                                                       United States District Judge

---

[3] Fresenius also moved to dismiss the case due to Reihanifam's failure to allege FCA-related conduct.  The court does not reach that ground.